TYGER, J.,
after stating the facts, proceeded as follows:
The first error assigned is, that the possibility of Miller’s getting the benefit of the statute of limitations did not render him incompetent, that statute only affecting the remedy — That the legal liability of Miller to Hiden remained in force — -non constat, that he would avail himself of the statute, and he may have made a promise to pay within five years; and, 2dly, “that Hiden could not avail himself of his own conduct, his own delay and omission to sue, and then avail himself of that very conduct to deprive the appellant of testimony which was competent when the right of action accrued against him.”
As to the first error: In the 1st volume of Greenleaf on Evidence, sec. 420, p. S22, it is said, “Where the witness, though interested in the event of the cause, is so situated that the event is to him a matter of indifference, he is a competent witness; this arises where he is equally interested on both sides of the cause, so that his interest on one side is counterbalanced by his interest on the other. And in sec. 393 of the same work, it is said, “Where the event of the suit is adverse to the party adducing the witness, if it will render the witness liable to the party calling him or a third person, he is in like manner incompetent. ” And at sec. 397, he adds', “But whatever the case may be, his liability must be direct and immediate to the party calling him,” &c.
*In this case, if Chapman sustained his pretension b3 the evidence of Miller, to wit, that he was only bound for one-fourth of the debt, and not for the whole, he, Miller, could not, by possibility, be bound to Chapman for more than a fourth of the debt; and in a suit by Hiden against Miller, he might .avoid any recovery by the plea of the statute of limitations. So that his liability to Hiden, to say the least, was contingent, depending on his pleading the statute or not. Whereas, in the event the suit was adverse to Chapman, (the party adducing the witness,) the recovery against Chapman would be for the whole debt, and then Miller’s (the witness’) liability to Chapman would be direct and immediate as to the whole debt. See 1st vol. Rob. Prac. (new work,) p. 495-6; 2d vol. of same work, p. 436-7. The witness, then, did not stand indifferent between the parties — he was not equally interested on both sides. On the contrary, he was directly interested to reduce the demand of the plaintiff from the whole to one-fourth. And thereby relieve himself (certainly, if he plead the statute of limitations to Hiden’s suit) from three-fourths of the debt for which, on the face of the note and but for the statute, he was liable to Hiden. So that the fact that the witness was under a certain, direct and immediate liability to the party calling him, if the event of the suit was adverse to the defendant for the whole debt, and if the party calling him was successful, he could be compelled to pay, at most, only one-fourth, produced a preponderance of interest and disqualified him from testifying. It is said, however, non constat, “that Miller would avail himself of the statute, and Miller may have-made a new promise within five 3ears. ” This objection is sufficiently answered by the maxim, “De non apparentibus et non existentibus eadem est ratio. ” This court cannot look out of the record, “and what does not appear there, must be taken in law as if it were not.”
The witness, then, being incompetent, by the general rule of law which disqualifies him if there is a preponderance *of interest, he was properly excluded, unless the appellant’s case is within the exception which prescribes, that where a witness is once qualified to testify, he shall not be rendered incompetent by any interest subsequently acquired by his own voluntary act and design, or by the voluntary act and design of the party objecting— which brings under consideration the second error assigned, which is, in substance: That Miller was a competent witness for Chapman at the time this right of action accrued against Chapman- — -that Hiden’s delay to sue Chapman has rendered Miller incompetent, and Hiden, therefore, should not be allowed the benefit of his own conduct. Is such, however, the fact? Was Miller, at the time the right of action accrued against Chapman, a competent wit *683 ness for Chapman? This point seems to have been conceded in the court below, and not controverted in the argument before this court. The court below decided the witness to be incompetent by reason of his liability for costs, and to make him competent, the defendant must release him from that liability; to which the defendant assented. If, then, this be so, Miller not being at any time a competent witness until a release was executed, the case does not come within the exception, and the principle of law has no application to it. And further, I think the principle has no application to the case, because the witness has not, subsequent to the accrual of the c'ause of action in this case, or at any time since his endorsement, acquired any interest, such as the law contemplates, to bring this case within the exception. He had been discharged by the statute of limitations from a liability which once existed, which fact operated to destroy the balance of interest, and thus render him incompetent; but he had not acquired an interest, because, if he had, it would have been releasable by the witness, and it not being in the power of a court to compel a witness to release, if he or the party against whom he is adduced has by design procured the acquisition of interest, he falls within the exception, and is held competent to testify. *If, however, it is an interest which the witness can not release, but the party calling him can release, he must release it, to render him competent. For it is said by Greenleaf, sec. 167, 1st vol. on Evidence, ‘If the interest is releasable by the party calling the witness, he must release it.” “If not, the objection remains. ’’ Here, then, was a liability of the witness to the party adducing him, a release of which, by Chapman, would have restored the balance of interest and rendered him competent. He did not release him, and the objection to his competency remains. And why should not Chapman have released Miller and made him competent? If Chapman’s pretensions were true — if he was only bound for an aliquot part of the debt, as he insisted and wished to establish by the testimony of Miller, then Miller was not, according to Chapman’s own pretensions, liable to him for anything. Chapman, according to this state of things, would have only paid what he admitted he was bound for, and without recourse at law to Miller or any body else. On every principle of fair dealing, as well as law, he was the party bound to release, in order to qualify the witness to testify. Without it, he was incompetent. I think, therefore, without going into an investigation of decisions on points analogous to the point under consideration, on the well established principles of the law of evidence, the witness was properly excluded.
I am, therefore, for affirming the judgment.
THOMPSON, J.
I consider it a doubtful question, whether if Miller had not been protected by the statute of limitations against the suit of Hiden, he would have been a competent witness for the defendant, without a release, not only against the costs, but the whole recovery of Hiden against him, the defendant. The court below ruled, in the first instance, that while Miller’s liability to Hiden remained, it presented a case of balanced interest, except as to the costs of the action, and that a release for costs only would have rendered *him competent. This opinion was doubtless based upon and seems to be sustained by the leading English case of Jordaine v. Lashbrook, 7 T. R. 601, which has been approved and followed by our own Court of Appeals in Taylor v. Beck, 3 Rand. 316; but seems to be in conflict with the later cases of Gilliam v. Clay, 3 Leigh, 509, and Wise v. Lamb, 9 Grat. 294; in both of which an assignor was held to be an incompetent witness for the obligor at the suit of the assignee. Unless the cases can be distinguished and a different rule of evidence held applicable to the case of an assignor and assignee from that which holds in case of endorser and endorsee, it would seem difficult to reconcile the decisions. But as the aspect of the case was changed after the first ruling of the judge, so as to present another and very different question, and the one, upon the decision of which error is predicated, it becomes unnecessary, in the view I have taken of the precise question upon which the case comes up, to express any opinion upon the first question, or to say more than that I consider it a question of doubt, and to say that much even, only to exclude any conclusion that, by my silence, I intended to concur in so much of the opinion of the court below as held, that irrespective of, or rather, without the discharge of Miller by the statute of limitations, he could be made a competent witness by a release of costs.
After the first ruling of the judge, and whilst the release was being prepared, which he required, it was discovered that in consequence of the time elapsed since the payment of the money by Hiden, the witness was protected by the statute of limitations against any demand or recovery on his part, and then the question, which is brought up for decision, arose, whether, in virtue of that protection, the equipoise of interest, which the judge first supposed to exist, was not disturbed, and the witness thereby made directly interested in the event of the suit — interested against the plaintiff and in favor of the party calling him, the defendant. It *really seems to me, upon the hypothesis of the witness’ discharge or protection by the statute of limitations, it would be difficult to conceive of a case in which a more direct, certain and palpable interest manifestly appears in the event of the suit in favor of the party calling him and against his adversary. As the law is laid down in 1 Robinson’s Practice, (new work, 49S, 6, and 2d vol. of same work, 232, 3, 7, and 435,) and I think properly, notwithstanding contrary deci *684 sions in New York and Pennsylvania, if the plaintiff succeeded, the defendant Chapman would be entitled to his remedy over against the witness, and he could not avail himself •of the statute as a bar, because the action against Chapman was commenced in time, and the statute could not begin to run as between him and Chapman until Chapman paid, that being the time of the accrual of his action; whereas, if Chapman succeeded in defeating the plaintiff’s action, the witness thereby secures immunity from all liability to any one, in consequence of his endorsement. Against the conclusion in favor of incompetency, so manifest at the first blush, in consideration of the witness’ protection from the suit of Hiden by the statute of limitations, his continuing liability to Chapman and consequent interest to defeat the plaintiff’s action, his competency is maintained and error assigned to the judgment of the court below for rejecting him, upon two grounds: The first, founded upon the nature and character of the exemption or discharge from liability, upon which the interest is predicated. The second, upon the time when that exemption or discharge accrued or was acquired, and the plaintiff’s agency in causing it to accrue or be acquired, or as set forth in the assignment of errors:
1. “Because the possibility' that Miller might get the benefit of the plea of the statute did not render him incompetent.
The statute of limitations affects only the remedy., The legal liability of Miller to Hiden was in full force — non constat, that Miller would avail himself *of the statute, and he may have made a promise to pay in five years, and so disabled himself from it.”
2. “But if this would otherwise have been a good objection, Hiden cannot avail himself of his.own conduct, his own delay and omission to sue, and then avail himself of that very conduct to deprive your petitioner of testimony which was competent, when the right of action accrued against him.”
The grounds assumed in the first assignment are, that notwithstanding the lapse of time, the statute might interpose no bar, because that bar might have been removed by a new promise; but if the statute applied, non constat, that Miller would avail himself of the statute.
As to the first ground, it seems to me very clear, that when the time has elapsed to make the statute a bar, it is incumbent upon him who seeks to avoid it, to allege and prove the new promise, or that his case is brought within some of the savings or exceptions of the statute. No such allegation or proof is in the record, and none such appearing, none must be taken to have existed.
As to the second, that Miller might not, choose to rely on the statute, but might waive his protection ; that the statute affects only the remedy, leaving the legal liability in full force: It is very true that a right without a remedy, as a debt or demand barred by the statute of limitations, or by a certificate of discharge in bankruptcy, still imposes a moral obligation on the party owing it, and binding upon him in foro conscientise; and which will constitute a good and valid consideration for a new promise, made in the manner prescribed by law, formerly by parol, but now in writing; but I cannot agree that the legal liability can be properly said to remain in full force after the remedy is wholly taken away. The rule of evidence which rejects an interested witness, as well as the reason and spirit of the rule, regards only a legal interest founded on legal rights and liabilities, and not .such an interest, inclination or bias as may arise from moral or honorary ^obligations. Of this latter class, clearly, was the obligation of the witness, Miller, after the statute had intei'posed its bar, and converted his obligations to Hiden into a right without a remedy. The law will not treat as a disinterested witness one who is interested or not, accordingly as he may, after he has deposed, elect to. avail himself of his legal rights or to waive them. The only safe rule is to proceed upon the presumption that every one will avail himself of his legal rights. A witness in the situation of Miller might be exposed to even a stronger bias than pecuniary interest merely. He might be reluctant to plead the statute of limitations, if his object could be accomplished without; but yet resolved to do so, if driven to it, as the only means, the only alternative, a dernier resort, by which to avoid his responsibility to Hiden. If so, he would be impelled by the double motive, first, of avoiding legal responsibility, and at the same time of accomplishing it, without resort to an odious plea — the plea of the statute of limitations.
The elementary books on evidence do not furnish us with any authority precisely to the point, nor do we find a case in point, in the English or Virginia reports; but the appellee’s counsel has cited a case from Maine, one from Arkansas, and one from Tennessee, the first of which is a case in point, and the two last certainly closely analogous, if not precisely in point. In the case of Odell v. Dana, 33 Maine Reports, 182, it was held that the principal was inadmissible as a witness for the surety, because of his accountability over to the surety, notwithstanding the statute of limitations had protected him against the suit of the creditor; but it is objected, that his case is entitled to little weight, because the point was not raised, and must, therefore, be taken not to have been considered and solemnly decided. Be that as it may, the decision certainly proceeds upon the concession, that a person similarly situated as the witness, Miller, is rendered incompetent by reason of the protection of the statute of limitations. It may be, that *the question was not raised and expressly decided, because considered too clear to be made a question in the cause.
In Pogue v. Joyner, 6 Arkansas Reports, 241, it was held, that in a suit *? against a surety in a delivery bond, though the principal has been discharged by bankruptcy, he is not a competent witness for the surety, to prove a performance of the condition of the bond, because in the event of a recovery against and payment by the surety, the principal will be liable to him, and is, therefore, interested in the result to the suit. . And in Keer v. Clarke, 11 Humphreys, 77, it was held, in an action brought against a surety on a single bill, in which he pleaded non est factum, and offered a co-security, who was a certificated bankrupt, as a witness, that he was not a competent witness; for, though he was discharged as to the holder, he was liable to contribution to his co-security, should the co-security be compelled to pay the debt, the liability arising after his discharge. The only difference between our case and the two last mentioned is, that in ours the incompetency is founded on the bar of the statute of limitations, and in them on a certificate of discharge in bankruptcy — a distinction which makes no difference in the principles of the cases; for in them, as in ours, the remedy only was taken away, the moral obligation remained. In them, as in ours, the party had his election, whether to avail himself of the discharge, or waive it, and if sued upon the demand, and he failed to defend himself by the plea of bankruptcy, a judgment would pass against him precisely as it would against him who fails or omits to plead the statute of limitations.
In the absence, then, of any binding authority, and, indeed, of any authority, English or American, to govern or to guide, in conflict with the three cases from Maine, Tennessee and Arkansas, decisions which challenge my approval, because, in my judgment, founded in reason and good sense and consonant to the general principles of the law of evidence as laid down by the ^elementary writers, I am content to follow them; and, in doing so, must hold that Miller was manifestly an incompetent witness, unless the objection to his competency was removed by reason of the grounds stated in the second assignment of errors, to wit, the time when and the manner in which the interest accrued or was acquired.
The general rule of evidence is, that interest renders incompetent. But, like most, if not all, general rules, it is subject to exceptions ; and among them is that exception which has regard to the time when and the manner of acquiring the interest. This exception has been laid down, in general terms, to be, that where one person becomes entitled to the testimony of another, the latter shall not be rendered incompetent to testify by reason of any interest subsequently acquired in the suit — and it, like the rule to which it is an exception, is subject to exceptions, qualifications or limitations. Whilst it is well settled, in cases where the interest was fraudulently acquired by the adverse party for the purpose of getting rid of the testimony, or by an act of mere wantonness, and aside from the ordinary course of business, on the part of the witness himself, he is not thereby rendered incompetent, and in cases where the person was the original witness cf the transaction or agreement between the parties, in whose testimony they both had a common interest — that it shall not be in the power, either of the witness or one of the parties, to deprive the other of his testimony, by reason of an interest subsequently acquired, even though it was acquired without any such intention on the part of the witness or the party: yet there is a conflict of authority upon the question, whether where the witness was not the agent of both parties, or was not called on as a witness of the original agreement or transaction, he ought to be rendered incompetent by reason of an interest subsequently acquired in good faith and in the ordinary course of business. In the case of Forrester et al. v. Pigou, 3 Camp. 380, Eord Ellen borough held such. *a witness to be incompetent, and in his opinion limits the applicability of the principle of competency in case of interest acquired after the accrual of the cause of action, deduced from Barlow v. Vowell, Skin. 586, and followed in Best v. Baker and subsequent cases, to cases where the witness was originally relied on by both parties to testify in the transaction, and where the agreement had been fraudulently entered into between the witness and the party objecting; and he intimated an opinion that if the witness was not relied upon originally, and becomes bona fide interested, he must be rejected. This case imposes the necessary and proper qualifications or limitations on the proposition, expressed in terms too comprehensive and universal in Barlow v. Vowell and Best v. Baker, and settles the doctrine on rational foundations. It has been recognized in several of the States, (Massachusetts, Connecticut, New York, and Pennsylvania,) as may be seen by reference to the citations of authority in 1 Greenl. on Evidence, l 418, p. 462, 463. Among the cases cited is that of Eastman v. Winship, 14 Pick. 44, in which it was held that a witness who becomes interested after he has witnessed an instrument was incompetent, unless there was management on the part of the party against whom he is offered to deprive his adversary of the testimony.
In opposition to Forrester v. Pigou, sustained by a great preponderance of authority, as well as by reason and good sense, the appellant’s counsel cited, and, as it seemed to me, mainly, if not exclusively, relied on, Winship v. Bank U. S, 5 Peters, 529, 552, (a case similar to that cited from 14 Pickering,) in which the judges of the Supreme Court of the United States were divided in opinion as to the admissibility of one who becomes interested after he has witnessed an instrument, and no judgment was given on the point, and Burgess v. Layne et al., 3 Greenl. 165, Maine Reports, in which the court, considering *686 that neither former decisions nor the spirit of the rule required its restriction to cases of fraud only, proceeded to lay down the broad *proposition, that in all cases where the party objecting' to the witness is himself a party to the agreement by which his interest is acquired, or had any agency in causing him to become interested subsequently to the ¡knowledge of the facts which he is brought to prove, his testimony is to be received, notwithstanding such interest.
Conceding, for the sake of the argument, that the case from Peters (although no judgment was given and nothing settled by it, in consequence of an equal division of the court,) and the case from Maine, be taken as authority for the points involved in and ruled by them, their bearing and influence upon the decision of our case remain to be considered and determined. *
The plaintiff might have sued the drawer and endorsers before him, either jointly in an action of debt, or severally in an action of assumpsit. There is no foundation for a suspicion even, that he brought his several action against Chapman, and forbore to sue Miller, with a view of disqualifying him as a witness against him. On the contrary, the reasonable presumption is, that in the exercise of his legal rights, he elected to sue Chapman alone, his immediate endorser, because he was satisfied with his solvency and responsibility, leaving it to Chapman to have his recourse over against the witness as his immediate endorser. Upon the plaintiff’s pretensions, that they were liable as successive accommodation endorsers, and not jointly as co-securities, if he had sued both Chapman and Miller in separate actions, though entitled to but one satisfaction, he would have recovered the costs of both actions, whereby Miller would ' have been saddled, unnecessarily, with two sets of costs, instead of one. The simple case, then, being that the plaintiff, in the bona fide and prudent exercise of his rights, elected to bring his action against Chapman, and omitted to sue Miller, whereby he became entitled to the protection of the statute, when neither the plaintiff nor the witness was a party to any agreement or contract creating the interest, and where the interest Resulted from the operation of law, irrespective of the design or intention of the parties; the question arises, is such a case within the influence of even the broad proposition laid down in Burgess v. Bayne? Can it be said that the plaintiff, by his omission to sue Miller, whereby the statute attached, had an agency in causing him to become interested in the sense and meaning of the terms employed in that authority? Even the literal import of the terms of the authority is satisfied by construing them as purporting to impose an obligation on a party to abstain from any act or agreement, or participating or concurring in any act or agreement, whereby the interest is created. If it can be made to apply to such a case as this, where the plaintiff or party objecting to the witness was merely passive, (as. he had the undoubted right to be, and was under no obligation, legal or moral, to any one to be otherwise,) it not only requires of a party abstinence from all .acts or agreements creating a disqualifying interest, and thereby taking off his adversary’s witness, but it would hold him bound t.o foresee that the witness would be relied on, (which Hiden could hardly have foreseen in this case, since Miller was originally incompetent, and remained so in any and every aspect of the case until released from costs,) and so to exercise his rights, and so to elect, (that is to say, Hiden should have elected to sue Miller ais well as Chapman,) as to prevent the bar of the statute and retain Miller’s liability, in order that if perchance Chapman should choose to offer him as a witness, having first released him as to costs, he would then, his interest being balanced, stand indifferent between the parties, and would be a competent witness. I cannot agree that the case of Burgess v. Layne, though the broad and comprehensive principle enumerated by it, taken literally, may seem to bear on the case we are considering, is fairly susceptible of such a construction. I understand the court as intending by it to negative the idea that the fraud of the party or the .witness . was a necessary element in the case, and then by way of rendering that ^negation the more emphatic, to. affirm, in general and comprehensive terms, that irrespective of fraud, and perhaps other qualifications to be found in some of the cases, that the act or agreement of the party, or his agency or instrumentality in causing the subsequently acquired interest, should remove the objection to competency upon the score of interest thus acquired, and by no means as intending to ascribe the same effect to an interest like ■ that which appears in this case, which resulted neither from the act of the party nor the witness, but was solely the result of the operation of law: an exemption from legal liability founded upon no peculiar act of the party or witness, such as a release or voluntary discharge, but on his passiveness or omission to sue; an omission, too, which, it is fair to presume, was prompted by an indisposition needlessly to multiply suits, where one would suffice the purposes of justice, rather than any design thereby to afford the witness the protection of the statute, in order to render him incompetent.
I am, therefore, »of opinion, that Miller was manifestly and palpably an interested witness, and that the time when and the manner of his becoming so interested, did not preclude the plaintiff from objecting to his competency, and that, consequently, there is no error in the judgment of the court below because of his rejection, and that the same must be affirmed.
CLOPTON, B, and GILMER, J., concurred in affirming the decree.